swer for the debt, default, or miscarriage of another person." Now, it seems clear that the promise in this case as described in the declaration, is not within the words or the spirit of this clause. It is not a promise to pay or answer for the debt of another, but a promise founded on a consideration stated to pay a sum of money to the plaintiff, not as a surety or guarantor, but positively and absolutely. There is no such condition or contingency stated, on which he is to be liable, as the neglect or failure of the judgment debtor, Williams, to pay the sum mentioned. If this was the construction of the promise stated, the statute requires that it shall be in writing to sustain an action. The statement of the promise in the declaration is, that the plaintiff had a judgment lien and a levy on certain real estate of the judgment debtor, and that the defendant agreed in consideration that the plaintiffs would release their lien and discharge the levy, and forbear to collect a specified part of the judgment, and give time for the payment of the same, to pay the money in six months. But the promise, though direct and original, and therefore not required to be in writing, must be based on a valid and legal consideration to sustain it. It is true the plea does not allege a want of consideration as a bar to a recovery on the promise laid in the declaration. The demurrer to the plea, however, puts in issue not only the sufficiency of the plea, but of the declaration also. And if the declaration sets forth no good legal consideration for the promise, it is clear the plaintiff can not recover. It is, therefore, proper to inquire whether such a consideration is averred. On this subject the authorities are numerous and conclusive. "An agreement to forbear for a time proceedings at law or in equity, to enforce a well-founded claim, is a valid consideration for a promise." 1 Pars. Cont. 365, and the authorities there cited. The same writer says: "Nor is it necessary that the forbearance should extend to an entire discharge; any delay which is real, and not merely colorable, is enough." "Nor need the agreement to delay be for a time certain; for it may be for a reasonable time, and yet be a sufficient consideration for a promise." Id. 367. And again: "It is not material that the party who makes the promise in consideration of such forbearance, should have a direct interest in the suit to be forborne, or be directly benefited by the delay." Id. And further: "In general, a waiver of any legal right at the request of another party, is a sufficient consideration for a promise." Id. 369.

There would seem to be no doubt that the plaintiff's agreement to release his levy and judgment lien against Williams, and to forbear the collection of a part of the judgment, is a sufficient consideration for the promise of the defendant Hinkle to pay the plaintiffs the sum claimed in this suit.

It seems to be supposed by the counsel for the defendant that it must be averred that Hinkle had some interest in the release of the levy and lien, and in forbearing the collection of the sum due on the judgment, to give effect to his promise to pay the money to these plaintiffs. From the authority just cited, it would seem that this is not necessary. It is immaterial whether he is to be benefited by the release and forbearance. But if the law were otherwise, it would not affect the question arising on this demurrer. A good consideration for the promise is averred in the declaration without an averment of the defendant's interest in obtaining a release of the levy and lien on the real estate, and forbearance to proceed on the judgment. As a question of pleading merely, the court will presume that the defendant was induced to make the promise to pay, for the reason that he had an interest in disincumbering the real estate from the lien of the judgment and the levy, and procuring for Williams an extension of the time of payment. Whether it may be expedient or necessary for the plaintiff, on the trial, to prove how his interests were connected with these transactions, is not, therefore, on this demurrer, a question for the decision of the court.

Without going more at length into the consideration of this subject, I am led to the conclusion that the promise laid in the declaration is an original, and not a collateral promise, and therefore not within the statute of frauds, required to be in writing. And also that there is a good and valid consideration for the promise set forth in the declaration. The demurrer to the plea of the defendant is therefore sustained.

STEWART (JACKSON INS. CO. v.). See Case No. 7,152

STEWART (KEMBALL v.). See Case No. 7,682.

## Case No. 13,431.

### STEWART v. KERRISON.

[Cited in Kerrison v. Stewart, Case No. 7,734. Nowhere reported; opinion not now accessible.]

STEWART (KNOWLES v.). See Case No. 7,900.

## Case No. 13,432.

### STEWART v. LANSING.

[15 Blatchf. 281.] [1]

Circuit Court, N. D. New York. Sept. 21, 1878.[2]

JUDGMENT—RIGHTS ESTABLISHED—RAILROAD COMPANIES—COUNTY AID BONDS—COUPONS.

1. Under chapter 907 of the Laws of New York of 1869, passed May 18th, 1869, the coun-

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[2] [Affirmed in 104 U. S. 505.]